DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Ronald L. Petty Jr., appeals an order of the Barberton Municipal Court that purports to sentence him to a 180-day suspended sentence for the crime of assault. Because this Court lacks jurisdiction, we dismiss.
 {¶ 2} Defendant was charged with assault and tried to the bench on February 20, 2008. A journal entry that was time stamped on February 21, 2008, purports to set forth the trial court's findings, but does not do so with clarity. Specifically, the journal entry consists of a form generated by the Municipal Court that includes a series of alternate findings and blank lines upon which, it appears, the trial court should mark the applicable finding. In this case, however, there is no option selected to indicate Defendant's plea, but the word "NOT" is handwritten in a different space. The journal entry reads:
 "DEFENDANT, HAVING APPEARED IN OPEN COURT AND HAVING BEEN ADVISED OF HIS RIGHTS, AND ENTERED A PLEA OF ____ GUILTY, ____ NO CONTEST, FOUND NOT ____ GUILTY, ____ ____ NOT GUILTY, TO THE CHARGE IN THE AFFIDAVIT AND TRIAL *Page 2 
AND HEARING BEING DULY HAD, AND THE COURT BEING FULLY ADVISED IN THE PREMISES, IT IS THE SENTENCE OF THE LAW AND JUDGMENT OF THE COURT THAT DEFENDANT PAY A FINE OF 100 DOLLARS AND COST OF PROSECUTION ____ HE MAY BE IMPRISIONED IN 180 CITY JAIL/_____ COUNTY JAIL FOR THE TERM OF _____ DAYS AS FOLLOWS: 180 SUSPENDED ."
The journal entry purports to sentence Defendant to a 180-day jail term, suspended on the condition that he pay the fine, "obey all laws," and avoid further contact with the victim. The journal entry contains another requirement of Defendant, but it also cannot be discerned from the trial court's notations.
 {¶ 3} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." State v. Baker, Slip Opinion No. 2008-Ohio-3330, syllabus. The journal entry in this case bears the signature of the trial court judge and contains the time stamp indicating that it was filed with the clerk of court. It is deficient under Crim. R. 32(C), however, because neither "the guilty plea * * * or the finding of the court upon which the conviction is based" nor the complete terms of Defendant's sentence can be discerned from the series of blank spaces and handwritten notations made by the trial court.
 {¶ 4} The State argues that the deficiencies in the journal entry have been corrected by a journal entry dated June 30, 2008, that reads:
 "This matter having come on for trial on the 20th day of February, 2008, and the Court having found the Defendant guilty of the crime of assault, the Court hereby corrects its Journal Entry to reflect that the Defendant entered a `not guilty' plea at arraignment, and that the Court found the Defendant `guilty' at trial. The word `not' was inadvertently written in the finding section instead of the plea section. Therefore, in the interests of justice, this Court corrects its journal entry to reflect the correct finding of guilty." *Page 3 
The State attached this journal entry to its brief, but did not move to supplement the record. As such, this journal entry is not part of the record in this appeal. Even if this Court were to consider this journal entry, however, we would have no choice but to dismiss this appeal because it also fails to comply with Crim. R. 32(C). See Baker, Slip Opinion No. 2008-Ohio-3330, at ¶ 17 (concluding that "the judgment of conviction is a single document that * * * must include the sentence and the means of conviction, whether by plea, verdict, or finding of the court, to be a final appealable order under R.C. 2505.02.").
 {¶ 5} Defendant's appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1